**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAMES WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **TEXAS SOUTHERN UNIVERSITY,** | § | **JURY DEMANDED** |
| | § | |
| **Defendant,** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Officer James Williams complaining of and about Texas Southern University and for cause of action would show the Court as follow:

### I.
### PARTIES

1.      Plaintiff James Williams is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.      Defendant Texas Southern University is a State of Texas publicly funded institution which may be served with process through its interim President Kenneth Huewitt at 3100 Cleburne Street, Hannah Hall, Suite 220 Houston, Texas 77004.  Plaintiff requests a waiver of summons from Defendant at this time.

## II.
### JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: The Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.).  The Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367(a) since these claims are so related to the claims in the suit that they are part of the same case or controversy.

4.     Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     All conditions precedent to jurisdiction have occurred or been complied with: a Charge of Discrimination was jointly filed with the United States Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission-Civil Rights Division ("TWC-CRD") and the Plaintiff's lawsuit has been filed within ninety (90) days of receipt of the EEOC's notice of Right to Sue. (See Exhibit A).

### IV.
### BACKGROUND AND FACTS

6.     Officer James Williams ("Plaintiff" or "Officer Williams") was employed by Texas Southern University ("Defendant" or "TSU") from April 1, 2005 until he was terminated on December 17, 2018.   Officer Williams took pride in his work and received consistent commendations from his supervisors.  In August of 2017 he received the "Top Supervisor" award for his service to TSU.

*Plaintiff's Original Complaint*                                         2

7.       On October 13, 2017 Officer Williams was assigned to provide security at a concert being held at Sawyer Auditorium on the campus of TSU.  During the concert he was forced to physically remove a student who had become extremely aggressive and physically violent.  During the encounter, the student repeatedly struck Officer Williams on the face and head with both a closed fist and a cellular phone.  While attempting to restrain the student, Officer Williams lost his balance and hit the front of his head on the corner of an exit door.

8.       As a result of this incident Officer Williams experienced severe headaches and dizziness and difficulty with his balance.  Although he tried to resume his normal duties the pain became unbearable.  The next day he was taken by ambulance to a hospital where he underwent an MRI and was diagnosed with several contusions and a concussion.  He was subsequently placed on workers compensation and began receiving treatment from a neurologist for traumatic headaches, post-concussion syndrome, cervical spine radiculopathy and lumbar spine radiculopathy.

9.       Officer Williams reported to Chief Mary Young during the final year of his tenure with TSU.  While out on workers compensation leave, he complied with directives from the Command Staff by consistently providing written updates on his medical condition.

10.       Despite the severity of his injuries, Officer Williams received consistent hostility from his supervisors regarding both the extent of his condition and his decision to file a worker's compensation claim.  Despite the fact that his supervisors were consistently provided with the most updated information on his condition, they openly questioned his entitlement to workers compensation leave at Command Staff meetings.

11.       On or about June 15, 2018 Chief Young launched an apparent investigation into Officer Williams' workers compensation claim and his medical condition.  Despite what he believed was

*Plaintiff's Original Complaint*                    3

a clear violation of his rights, he continued receiving treatment in anticipation of being released by his doctor to return to work.

12.     In response to the hostility that he was receiving from the Department of Public Safety, Officer Williams contacted Keisha David in TSU's Human Resources department and requested the reasonable accommodation of a transfer to a different position on campus that would permit him to return to work sooner. He also complained that members of the Command Staff, including Captain Leslie Etheridge were violating his HIPPA rights by discussing his medical condition.

13.     In November of 2018, an internal investigation was conducted into Officer Williams' allegations.  As a result of this investigation, TSU found that Captain Etheridge had violated university policy by discussing Officer Williams' medical condition.  Captain Etheridge had openly discussing Officer Williams' medical condition during a training session with at least twenty-two other officers in attendance.  During this incident, she openly questioned how she could terminate Officer Williams despite the fact that he remained on approved workers compensation leave.  At that same training session, Captain Etheridge devised a plan to terminate Officer Williams one week after he returned from leave in an effort to avoid a retaliation claim.

14.     On December 17, 2018 Officer Williams was terminated from his position at TSU.  TSU justified the termination citing the findings of an "internal investigation" along with Officer Williams' "inability to perform assigned law enforcement duties."  Although the Defendant cited its own investigation of Officer Williams, TSU failed to notify him of any internal investigation as required by Section 614.023 of the Texas Government Code.  Significantly, Section 614.023(b) prohibits any disciplinary action against an officer unless the complaint is given to the officer.  *See* Tex. Gov. Code § 614.023(b).

**V.**
**COUNT 1: DISABILITY DISCRIMINATION**

15.     Title I of the Americans with Disabilities Act of 1990 prohibits discrimination against a qualified person with a disability because of their disability.  Additionally, Title I of the ADA expressly requires employers to provide a reasonable accommodation to the known limitations of an otherwise qualified individual with a disability.

16.     Pursuant to 29 U.S.C. § 12112(a) Plaintiff James Williams pleads a cause of action against Defendant Texas Southern University for disability discrimination.

17.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

18.     The Defendant engaged in discrimination against Plaintiff James Williams, a licensed police officer with a disability.  A TSU investigation found that key personnel in Officer Williams' line of supervision violated university policy by disclosing his medical conditions while working on a plan to terminate his employment while he was on protected leave.  Officer Williams was on protected leave and receiving medical treatment for post traumatic headaches, post-concussion syndrome, cervical spine radiculopathy and lumbar spine radiculopathy when he was terminated.

19.     Additionally, the Defendant failed to engage in the interactive process when it denied Officer Williams the reasonable accommodation of a transfer to a different position that may have allowed him to return to work sooner.

20.     Plaintiff asserts that the Defendant discriminated against him by denying his reasonable accommodation request, failing to place him in a qualifying position and terminating his employment in violation of the Americans with Disabilities Act.

**COUNT 2: RETALIATION IN VIOLATION OF CHAPTER 451 OF THE TEXAS LABOR CODE**

21.     Chapter 451 of the Texas Labor Code prohibits an employer for discharging or in any other manner discriminating against an employee because the employee has (1) filed a workers compensation claim in good faith or (2) hired a lawyer to represent the employee in the claim. *See* Tex. Lab. Code § 451.001.

22.     Pursuant to § 451.001 of the Texas Labor Code Plaintiff James Williams pleads a cause of action against Defendant TSU for workers compensation retaliation.

23.     The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

24.     Officer James Williams engaged in protected activity by filing a worker' compensation claim with TSU.  The Plaintiff's workers compensation claim was a result of severe injuries sustained in the course of his duties on or about October 13, 2017.  Officer Williams suffered severe injuries to his head and back while providing security at an on-campus concert.  As a result of these injuries Officer Williams began receiving treatment from a neurologist for post traumatic headaches, post-concussion syndrome, cervical spine radiculopathy and lumbar spine radiculopathy.  A TSU investigation found that key personnel violated university policy by discussing his condition along with a plan to terminate Officer Williams.

25.     In terminating the Officer Williams on December 17, 2018, TSU violated Chapter 451 of the Texas Labor Code and deprived the Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

## VI.
### DAMAGES

26.    Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein.  Accordingly, Plaintiff is entitled to an award of actual, compensatory damages including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court.

## VII.
### JURY DEMAND

27.    Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## VIII.
### PRAYER

28.    For the reasons set forth above, Plaintiff James Williams respectfully prays that Defendant Texas Southern University  be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; attorney's fees, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**DUPREE LAW FIRM, PLLC**

Ronald Dupree
Texas Bar No. 24055433
Southern Dist. No. 1046738
2800 Post Oak Blvd, Suite 4100
Houston Texas 77056
Main: 832-800-4529
Fax: 281-503-7905
Email: Ronald@dupreelawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**